SEALED

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 11-20321-CR-SEITZ

UNITED STATES OF AMERICA

v.

LUIS FERNANDO BERTULUCCI CASTILLO,
    a/k/a "Fernando Blengio Cesena,"

    Defendant.
_____/

## PLEA AGREEMENT

The United States of America and Luis Fernando Bertulucci Castillo, a/k/a "Fernando Blengio Cesena," (hereinafter referred to as the "defendant") enter into the following agreement:

1.    The defendant agrees to plead guilty to Count 2 of the Indictment which charges the Defendant with knowingly and intentionally conspiring to possess with the intent to distribute a controlled substance in Schedule II, namely five (5) kilograms or more of cocaine, while on board an aircraft registered in the United States, in violation of Title 21, United States Code, Section 959 (b)(2); all in violation of Title 21, United States Code, Section 963.

2.    The defendant also agrees to plead guilty to Count 3 of the Indictment which charges the Defendant with knowingly and intentionally obtaining a an owner's certificate of registration authorized to be issued under Title 49, United States Code, Section 44103, by knowingly and willfully falsifying and concealing a material fact, said violation relating to transporting a controlled substance in Schedule II, namely five (5) kilograms or more of cocaine, by aircraft and aiding and facilitating a controlled substance violation; in violation of Title 49, United States Code, Sections 46306(b)(4) and 46306(c)(2).

1

3. The United States agrees to seek dismissal of the remaining counts of the Indictment as to this defendant, after sentencing.

4. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

5. The defendant also understands and acknowledges that for Count 2 of the Indictment, the Court must impose a minimum term of imprisonment of 10 years and may impose a statutory maximum term of imprisonment of up to life imprisonment, followed by a term of supervised release of at least 5 years. In addition to a term of imprisonment and

supervised release, the court may impose a fine of up to $4 million.

6. The defendant also understands and acknowledges that for Count 3 of the Indictment, the Court must impose a consecutive term of imprisonment to any term of imprisonment imposed for Count 2 of the Indictment and that the Court and may impose a statutory maximum term of 5 years imprisonment, followed by a term of supervised release of at least 3 years.

7. The defendant further understands and acknowledges that, in addition to any sentence imposed under the previous paragraph of this agreement, a special assessment in the amount of $100 per count will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

8. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

9. The United States agrees that it will recommend at sentencing that the court reduce by three levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. The United States further agrees to recommend that the defendant be sentenced at the low end of the guideline range determined by the Court. However, the United States will not be required to make this

3

sentencing recommendation if the defendant:

    a.    fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct;

    b.    is found to have misrepresented facts to the government prior to entering this plea agreement; or

    c.    commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

10.    The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed:

    a.    <u>Controlled Substance and Quantity</u>:  That, pursuant to Section 2D1.1(a)(3), the instant offense involved at more than 150 kilograms of cocaine. Consequently, the base offense level indicated is 38.

    b.    <u>Specific Offense Characteristics</u>: That, the specific offense characteristics listed in Section 2D1.1(b)(1)-(5) are inapplicable to this case.

    c.    <u>Role in the Offense</u>: That, pursuant to §3B1.1 the defendant should receive no upward or downward adjustment for his role in the criminal activity.

11.    The defendant agrees that he shall cooperate fully with this Office by:

    a.    providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other court proceeding;

    b.    appearing at such grand jury proceedings, hearings, trials, and other

judicial proceedings, and at meetings, as may be required by this Office; and

   c.  if requested by this Office, working in an undercover role to contact and negotiate with others suspected and believed to be involved in criminal misconduct, under the supervision of, and in compliance with, law enforcement officers and agents.

   12.  This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the court's downward departure from *the advisory sentence* calculated under the Sentencing Guidelines, this Office may at or before sentencing make a motion consistent with the intent of Section 5K1.1 of the Sentencing Guidelines prior to sentencing, or Rule 35 of the Federal Rules of Criminal Procedure subsequent to sentencing, reflecting that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced from the advisory sentence suggested by the Sentencing Guidelines. Such a motion will permit the Court, in its discretion, to impose a sentence below any applicable mandatory minimum sentence. The defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require this Office to file any such motion(s) and that this Office's assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding insofar as the appropriateness of this Office's filing of any such motion is concerned.

   13.  The defendant understands and acknowledges that the Court is under no obligation to grant the motion(s) referred to in the previous paragraph should the government exercise its discretion to file any such motion. The defendant also understands and

acknowledges that the court is under no obligation to reduce the defendant's sentence because of the defendant's cooperation.

14. It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements or information pursuant to this Agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and reasonably disclose all information and provide full and complete cooperation, which determinations are within the sole discretion of the United States, this Agreement is voidable at the option of the United States, and the following conditions shall then also apply:

a. The defendant may be prosecuted for perjury or false statements, if any, committed while testifying pursuant to this Agreement or for obstruction of justice should he commit these offenses during the time in which he is cooperating with law enforcement pursuant to this Agreement;

b. The United States may use against the defendant his own admissions and statements and the information, books, papers, documents and objects that he has furnished in the course of his cooperation with the United States.

15. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges that the defendant

may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

16. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

17. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 11/29/11            By: _____
                          ANDREA G. HOFFMAN
                          ASSISTANT UNITED STATES ATTORNEY

Date: 11-29-11            By: _____
                          HUMBERTO DOMINGUEZ
                          ATTORNEY FOR DEFENDANT

Date: 11-29-11            By: _____
                          LUIS FERNANDO BERTULUCCI CASTILLO
                          a/k/a "Fernando Blengio Cesena"
                          DEFENDANT