SEALED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20321-CR-SEITZ

UNITED STATES OF AMERICA

v.

LUIS FERNANDO BERTULUCCI CASTILLO,
a/k/a "Fernando Blengio Cesena,"

　　　　Defendant.　　　　　　　　　　　/
_____

## FACTUAL PROFFER

The United States of America and LUIS FERNANDO BERTULUCCI CASTILLO, a/k/a "Fernando Blengio Cesena," (hereinafter referred to as the "defendant") agree that if this matter had proceeded to trial, the government's evidence would have shown, beyond a reasonable doubt, that, among other things:

That the defendant knowingly and intentionally conspired to possess with the intent to distribute a controlled substance in Schedule II, namely five (5) kilograms or more of cocaine, while on board an aircraft registered in the United States, in violation of Title 21, United States Code, Section 959 (b)(2); all in violation of Title 21, United States Code, Section 963; and

That the defendant also knowingly and intentionally obtained an owner's certificate of registration authorized to be issued under Title 49, United States Code, Section 44103, by knowingly and willfully falsifying and concealing a material fact, said violation relating to transporting a controlled substance by aircraft and aiding and facilitating a controlled substance violation; in violation of Title 49, United States Code, Sections 46306(b)(4) and 46306(c)(2).

From in or about September of 2009, and continuing until in or about May 2011, the defendant participated with other defendants in a conspiracy to utilize aircraft registered in the

1

United States to transport narcotics, namely cocaine which was ultimately to be imported into the United States for distribution. The defendant, a Mexican national who was residing in the Dominican Republic, was involved in purchasing aircraft to be utilized by various drug trafficking organizations to transport narcotics from Venezuela and Colombia through Central American countries and then into the United States. The defendant worked with brokers in the Southern District of Florida to locate, purchase and falsely register American aircraft.

In at least as early as September 2009, a U.S. aircraft broker was contacted by the defendant who was looking for a Turbo Commander 690B. The broker provided the defendant the specifications of several aircraft from which the defendant chose N490AC. Meanwhile, the defendant was receiving the moneys to purchase the aircraft from a drug trafficking associate in Mexico. The defendant did not want the moneys for the purchase of the aircraft sent directly from Mexico to the escrow company. Instead, the defendant arranged for the broker to open a company in a family member's name. The defendant then arranged for the moneys to be transferred to the newly created company. The sale of the aircraft, N490AC, was completed on September 30, 2009. The aircraft was not registered in the name of the newly created company, but rather in the name of another U.S. based company controlled by the broker.

In January, 2010, the defendant informed the broker that the aircraft had been sold to Abraham Suarez and that Suarez wanted to maintain the US registry of the aircraft, therefore the aircraft should be re-registered in the name of Rafael Santos Castillo Cordero. The defendant sent the broker a scanned copy of a US passport to facilitate that registration. The defendant also told the broker that Suarez was paying Castillo $10,000 to be the nominee buyer. The US passport for Castillo was later determined to be false.

Despite the sale and re-registration, the defendant continued to control the aircraft. From January 2010 through July 2010, the defendant instructed the broker to move the aircraft to eight different countries. However, no sale was made and that each of those countries have significant drug trafficking ties and are commonly used as ferry or launch points for clandestine drug trafficking operations. In July 2010, the aircraft was moved to Colombia, to be delivered to Suarez. Wire interceptions in Colombia confirmed that a drug trafficking organization was to receive the aircraft from the defendant in Colombia and was to be used to transport at least 1200 kilograms of cocaine. The aircraft was seized by the Colombian government prior to the transportation of that shipment.

LUIS FERNANDO BERTULUCCI CASTILLO, a/k/a "Fernando Blengio Cesena," has acknowledged his role in the money laundering conspiracy as described this factual resume.

Accordingly, if this case had gone to trial, the government could prove, beyond a reasonable doubt, that the defendant knowingly and intentionally conspired to commit the offenses described more fully above.

WIFREDEO A. FERRER
UNITED STATES ATTORNEY

Date: 11/29/11   By: _____
ANDREA G. HOFFMAN
ASSISTANT UNITED STATES ATTORNEY

Date: 11-29-11   By: _____
HUMBERTO DOMINGUEZ
ATTORNEY FOR DEFENDANT

Date: 11-29-11   By: _____
LUIS FERNANDO BERTULUCCI CASTILLO
a/k/a "Fernando Blengio Cesena"
DEFENDANT

3