UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 11-20321-CR-SEITZ

UNITED STATES OF AMERICA,
    Plaintiff

vs.

LUIS FERNANDO BERTULUCCI CASTILLO,
    Defendant.
                          /

## ORDER DENYING DEFENDANT'S TWO MOTIONS TO SEAL

THIS MATTER is before the Court on Defendant's two Motions to Seal. The first Motion seeks to seal the Defendant's proffer of facts to be proven at hearing [DE 133]. The second Motion seeks to supplement his original motion to seal the proceedings and the motion for specific performance of plea agreement [DE 134]. In the Motion to Seal Proffer of Facts [DE 133], the Defendant asks the Court to seal all affidavits and copies of the proffers and communications exchanged with different government agencies due to sensitive information. In the Supplemental Motion [DE 134], the Defendant asks the Court to seal affidavits and copies of the exhibits due to sensitive information. Because the Defendant has not shown an overriding interest to overcome the right of access to criminal court filings, the Court denies the Defendant's Motions to Seal.

In his Motions, the Defendant argues the documents should be sealed for reasons of "personal safety." The right of access to criminal court filings may be overcome if the Defendant can show an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. *See Press-Enterprise v. Superior Court of California*, 464 S.Ct. 819 (1984) (citing *Globe Newspaper Co. v. Superior Court*, 457

1

U.S. 596 (1982). Here, the Defendant has failed to provide any details regarding the need to keep the information confidential for "personal safety" and thus fails to show an overriding interest to overcome the right of access. [DE 133 at 2; DE 134 at 3]. Additionally, the Defendant has sent letters regarding his case to U.S. Senator Ted Cruz and to former U.S. Attorney General Loretta Lynch. [DE 133-1 & 133-2]. By doing so, Defendant has disclosed details about his case to third parties thus undermining his motions to seal.

The Court also notes that the Defendant has provided conflicting requests on how to handle the sealing of his present motions if they are denied. In his Motion to Seal Proffer of Facts [DE 133], Defendant requests the present motion be deleted from the docket by the Clerk's Office according to Local Rule 5.4(e)(1). Defendant would like to receive the materials he has sought to file under seal. Defendant is advised that his materials are available from the Clerk's Office. In the Supplemental Motion [DE 134], Defendant advises that if his request to seal is denied, he asks the Court to file his present Motion and he waives his right to have his materials returned. Therefore, it is

ORDERED THAT:

1. Defendant's Motion to Seal Proffer of Facts [DE 133] is **DENIED.** Pursuant to Local Rule 5.4(e)(1), the Clerk is directed to delete Defendant's Motion [DE 133] from the docket.

2. Defendant's Supplemental Motion to Seal Motion for Specific Performance [DE 134] is **DENIED.** The Clerk is directed to unseal and retain the Motion [DE 134] on the docket.

DONE AND ORDERED in Miami, Florida, this 12th day of December, 2017.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record
Pro Se Defendant